IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRAVIS LYNN BENDER,

        Petitioner,

    v.

MARK NOOTH,

        Respondent.

Case No. 2:12-cv-00900-SU

FINDINGS AND RECOMMENDATION

    Travis Lynn Bender
    7475535
    Mill Creek Correctional Facility
    2605 State Street
    Salem, OR 97310-1493

        Petitioner, *Pro Se*

    Ellen F. Rosenblum, Attorney General
    Andrew D. Hallman, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

 1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court conviction for Assaulting a Public Safety Officer. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

In 2009, petitioner was serving a term of post-prison supervision stemming from a prior conviction for Burglary in the First Degree. One condition of his post-prison supervision required petitioner to abstain from drinking alcohol.

On January 26, 2009, petitioner's parole officer received a report that petitioner was drinking alcohol. As a result, two parole officers went to the residence in question, found petitioner smelling of alcohol, and attempted to handcuff him. Respondent's Exhibit 104, pp. 14-19. Petitioner resisted the arrest, pulled his arms away, and attempted to punch one of the officers. *Id* at 14-25. The officers wrestled petitioner to the ground where one of the officers punched petitioner in the back of his head, resulting in a minor scrape to the parole officer's finger as well as a sore shoulder. *Id* at 27-30.

The Linn County Grand Jury indicted petitioner on two counts of Assaulting a Public Safety Officer, one count of Resisting Arrest, one count of Attempted Escape in the Second Degree, and one

2 - FINDINGS AND RECOMMENDATION

count of Attempted Escape in the Third Degree. Respondent's Exhibit 102. Petitioner proceeded to a bench trial where the trial court granted a judgment of acquittal as to the two counts of Attempted Escape and one count of Assaulting a Public Safety Officer. Respondent's Exhibit 103, p. 61. At issue in this case is the trial court's denial of petitioner's motion for a judgment of acquittal as to the remaining count of Assaulting a Public Safety Officer.

ORS 173.208(1) governs the crime of Assaulting a Public Safety Officer and provides as follows:

> A person commits the crime of assaulting a public safety officer if the person intentionally or knowingly causes physical injury to the other person, knowing the other person to be a peace officer . . . while the other person is acting in the course of official duty.

In support of his motion for judgment of acquittal, petitioner argued that the parole officer had injured himself while striking petitioner, and ORS 163.208(1) did not contemplate criminal liability for assaulting the parole officer under these circumstances. The trial court disagreed, and after taking a recess to research the issue, ruled as follows:

> Have a seat, please. I couldn't find any cases that were exactly on point. I do note that the Assaulting a Public Safety Officer statute talks about intentional or knowing conduct. This is alleged as knowing conduct. And as a practical matter, I am convinced beyond a reasonable doubt that the elements of Count 1 have been proven. I think when the

3 - FINDINGS AND RECOMMENDATION

> Defendant knowingly participates in conduct, then I think he's responsible for the results that would flow from that.  I guess part and parcel of that is the resisting arrest statute talks about resisting, it defines it as having a substantial I guess -- resist means to use, threaten to use -- that creates a substantial risk of physical injury to any person.  And that's the conduct that clearly -- clearly he's guilty of resisting arrest.  And I think when he participates in that conduct, then he does cause the physical injury under the law.
>
> And so I am -- I am convinced that the shoulder and/or the finger would satisfy physical requirements.
>
> So, I find him guilty. . . .

*Id* at 63-64.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review.  *State v. Bender*, 245 Or. App. 165 (2011), *rev. denied*, 351 Or. 586 (2012).  Petitioner did not seek state post-conviction relief.

Petitioner filed his federal Petition for Writ of Habeas Corpus on May 21, 2012 in which he raises a single claim: whether the trial court's decision to deny his motion for judgment of acquittal violated his right to due process of law where petitioner did not directly inflict injury to the parole officer as contemplated by the statute.  Respondent asks the court to deny relief on the Petition because the due process claim lacks merit.

///

///

4 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

I.  **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires

5 - FINDINGS AND RECOMMENDATION

the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## II. Analysis

Petitioner's due process claim is predicated on his belief that there was insufficient evidence adduced at trial to convict him of Assaulting a Public Safety Officer. When reviewing a habeas corpus claim based on insufficient evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). When the record supports conflicting inferences, courts must presume the fact finder resolved the conflicts in favor of the prosecution. *Id* at 326.

Viewing the evidence in the light most favorable to the prosecution, petitioner resisted the arresting parole officers and attempted to punch one of them. This put the parole officers in a position of subduing petitioner by force, and one of the officers suffered a scrape to his finger and a sore shoulder as a result of his efforts to subdue petitioner. As discussed in the Background of this Findings and Recommendation, the trial judge interpreted ORS 163.208 to include injury to a law enforcement officer which results from the intentional conduct of the defendant.

6 - FINDINGS AND RECOMMENDATION

Petitioner disputes the trial court's interpretation of ORS 163.208(1). He argues that Oregon law in this area is underdeveloped and, thus, cannot support the inference the trial court made. In this way, he claims that the court's interpretation of ORS 163.208(1) constituted an obvious subterfuge to evade the consideration of the due process issue.

The trial court's interpretation of ORS 163.208(1), coming after recess to research the applicable case law on the issue, was not so untenable as to amount to an obvious subterfuge to evade consideration of the constitutional issue petitioner now raises. *See Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir.), *cert denied* 459 U.S. 1055 (1982). While petitioner may disagree with the trial court's interpretation, it is well-established that a federal habeas corpus proceeding is not the proper vehicle by which to second-guess state court interpretations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir.) ("a federal court is bound by the state court's interpretations of state law."), *cert. denied*, 531 U.S. 1037 (2000), citing *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002)("A state court has the last word on the interpretation of state law."), citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989),

7 - FINDINGS AND RECOMMENDATION

*cert. denied*, 499 U.S. 943 (1991); *Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) ("state courts are the ultimate expositors of state law.").

Because the conduct at issue subjected petitioner to criminal liability pursuant to ORS 163.208(1), petitioner's insufficiency of the evidence argument fails. As a result, the state court decisions denying relief on petitioner's due process claim are neither contrary to, nor unreasonable applications of, clearly established federal law.

### RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be DENIED and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

### SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 14 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response

is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this   17th   day of December, 2012.

                                        /s/ PATRICIA SULLIVAN
                                           Patricia Sullivan
                                           United States Magistrate Judge